*562
 
 CIRILLO, Judge:
 

 Appellant Andrew Building Company (“Andrew”) appeals from an order of the Court of Common Pleas of Chester County granting Appellee Continental Bank’s (“Continental”) preliminary objections to Andrew’s new matter and counterclaim to Continental’s complaint in mortgage foreclosure. For the reasons stated below, we quash this appeal.
 

 In 1979, Continental entered into a loan agreement (the “1979 loan”) with the Chester County Industrial Development Authority (“CCIDA”), whereby Continental loaned CCIDA the sum of $8.4 million. This loan was secured by a note and a mortgage on approximately 123 acres of land (the “Premises”) in Chester County. At the same time that this loan agreement was made, CCIDA entered into an Installment Sales Agreement with Andrew, in which CCIDA agreed to sell Andrew the Premises and Andrew promised to make monthly payments to CCIDA of an amount equal to the monthly mortgage payments owed by CCIDA to Continental. Andrew and CCIDA agreed that Andrew would pay the requisite amount to Continental directly.
 
 [1]
 

 In addition, Unlimited Suretyship Agreements (“guaranties”) were executed in conjunction with each loan, whereby Andrew became an absolute and unconditional surety. While CCIDA and Andrew are “real owners” of the Premises, CCI-DA is the legal owner, and Andrew is the equitable owner and terre-tenant
 
 [2]
 
 of the Premises.
 
 [3]
 

 
 *563
 
 In early 1991, Andrew allegedly requested that Continental approve a contract for the sale of a section of the undeveloped portion of the Premises to a developer for $4.8 million (the “Fanning Agreement”). However, Continental never replied. Later, when Andrew anticipated financial difficulty and further requested that Continental establish a “release price” for the commercial portion of the Premises, Continental advised Andrew that it would obtain two appraisals. However, these appraisals were not submitted in time for Andrew to hold its auction on October 15, 1991; Andrew alleges, therefore, that it was forced to cease payments under the Installment Sales Agreement.
 

 As a result of Andrew’s failure to make payments, CCIDA defaulted on the loans and the mortgages. Continental made a demand on CCIDA and Andrew for the full balance due under the loans but no payments were made. Thereafter, Continental instituted two confession of judgment actions in the Court of Common Pleas of Chester County; one against CCIDA on both of its promissory notes, and another against Andrew on both of its guaranties. Andrew petitioned to strike or open the judgments and obtained a stay thereon. Continental then initiated a separate mortgage foreclosure action which is the subject of this appeal.
 

 In response to the complaint in mortgage foreclosure, Andrew filed preliminary objections in which it asserted that Continental was barred from bringing its mortgage foreclosure action because the mortgage, note, and guaranties were merged into the confessed judgments and, therefore, stayed. Judge Sugerman overruled Andrew’s preliminary objections, finding that the mortgage foreclosure action was
 
 in rem,
 
 whereas the confessed judgments were
 
 in personam,
 
 and, thus, by law, they could not merge and the stay on the confessed judgments did not bar the mortgage foreclosure action.
 

 Thereafter, in its answer to Continental’s complaint, Andrew included new matter and a counterclaim. Andrew alleged therein that Continental’s claim against Andrew should be eliminated by way of set-off and/or recoupment to reflect
 
 *564
 
 damages owed by Continental to Andrew for Continental’s: 1) refusal to establish a release price for the commercial portion of the Premises; 2) failure to authorize a sale price for the undeveloped portion of the Premises; 3) use of confidential information regarding Andrew’s financial situation for its own gain; and 4) negligent and fraudulent misrepresentation that it would provide a release price.
 

 Continental filed preliminary objections to Andrew’s new matter and counterclaim. An order was entered on April 15, 1993 by Judge Sugerman sustaining Continental’s preliminary objections to Andrew’s new matter and counterclaim and striking Andrew’s new matter and counterclaim with prejudice. Andrew appealed to this court from that order.
 
 [4]
 

 As an appellate court, we may,
 
 sua sponte,
 
 determine whether an appeal is properly before this court.
 
 Edmonds v. Western Pa. Hosp. Radiology Assoc.,
 
 414 Pa.Super. 567, 571, 607 A.2d 1083, 1085 (1992) (citing
 
 Gatten v. Merzi,
 
 397 Pa.Super. 148, 579 A.2d 974 (1990) (per curiam)). On May 6, 1992, the Pennsylvania Supreme Court amended Rules 311, 341, and 1311 and approved Rule 313 of the Pennsylvania Rules of Appellate Procedure. Although, initially, these amended and newly adopted rules were to govern all actions which commenced after July 6, 1992, on January 10, 1994, the Supreme Court of Pennsylvania entered another order establishing that the new and amended rules would also to apply to all orders entered on or after March 1, 1994, regardless of the underlying action’s commencement date.
 

 The commencement date of the instant action is July 15, 1992, the date on which Continental filed its complaint in mortgage foreclosure. Pa.R.C.P. 1007. The order from which Andrew is appealing was entered on April 15, 1993. Notwithstanding the entry date of the order, the' July 15, 1992
 
 *565
 
 commencement date clearly places this case within the purview of the new and amended rules of appellate procedure.
 

 Under Pennsylvania law, an appeal may only be taken from an interlocutory order as of right (Pa.R.A.P. 311), from a final order (Pa.R.A.P. 341), from a collateral order (Pa.R.A.P. 313), or from an interlocutory order by permission (Pa.R.A.P. 313, 1311, 42 Pa.C.S.A. § 702(b)). The current case does not fall within the requirements of any of these categories and, therefore, this appeal must be quashed.
 

 Rule 311 lists the following orders as interlocutory orders to which a right of appeal attaches: orders refusing to open, vacate or strike off a judgment; orders confirming or refusing to modify, confirm or dissolve an attachment, custodianship or receivership; orders changing venue or venire in a criminal proceeding; orders granting, continuing, modifying refusing or dissolving injunctions or orders refusing to dissolve or modify injunctions; orders awarding a new trial; orders directing partition; orders sustaining venue or personal or
 
 in rem
 
 jurisdiction; orders changing venue, transferring the case to another court, or declining to proceed on the basis of
 
 forum non conveniens;
 
 orders overruling preliminary objections in eminent domain cases; or orders of administrative remand. However, an order sustaining preliminary objections to new matter and counterclaim does not constitute a basis for an interlocutory appeal as of right within this rule.
 

 We must next ascertain whether this order is appeal-able as a final order. As amended, Rule 341 provides in pertinent part:
 

 (a) General Rule. Except as prescribed in subdivisions (d) and (e) of this rule, an appeal may be taken as of right from any
 
 final order
 
 of an administrative agency or lower court.
 

 (b) Definition of Final Order. A final order is any order that:
 

 (1) disposes of all claims or of all parties; or
 

 (2) any order that is expressly defined as a final order by statute; or
 

 
 *566
 
 (3) any order entered as a final order pursuant to subsection (c) of this rule.
 

 (c) When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims or parties
 
 only upon an express determination that an immediate appeal would facilitate resolution of the entire case.
 
 Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims or parties shall not constitute a final order.
 

 Pa.R.A.P. 341 (emphasis added). Amended Rule 341 permits appeals only from orders which dismiss all claims or all parties.
 
 See Luiziaga v. Psolka,
 
 432 Pa.Super. 26, 637 A.2d 645 (1994) (order denying intervention was not deemed appeal-able because action remained pending between initial parties);
 
 Robert H. McKinney, Jr., Assoc., Inc. v. Albright,
 
 429 Pa.Super. 440, 632 A.2d 937 (1993) (order dismissing one of two defendants was not final and appealable because action remained pending against at least one defendant).
 

 Barring some exception, an appeal as a final order will not lie from an order sustaining preliminary objections to new matter and a counterclaim because all claims have not been dismissed and, therefore, such an order is not a final determination of the initial claim — the complaint which initiated the action remains pending.
 
 Luiziaga,
 
 432 Pa.Super. at 27, 637 A.2d at 646;
 
 Albright,
 
 429 Pa.Super. at 441, 632 A.2d at 938.
 
 But see Edmonds v. Western Pa. Hosp. Radiology Assoc.,
 
 414 Pa.Super. 567, 607 A.2d 1083 (1992) (applying former Rule 341 and holding that an order sustaining preliminary objections to complaint was final and appealable even though the order did not dismiss the complaint because the order effectively terminated the proceedings);
 
 Commonwealth v. Orsatti, Inc.,
 
 448 Pa. 72, 292 A.2d 313 (1972) (applying former Rule 341 and holding that an order sustaining preliminary objections and
 
 *567
 
 dismissing a counterclaim is appealable since the defendant was put out of court with respect to the counterclaim, even though the initial action was unresolved and still pending).
 

 The Note following amended Rule 341 provides a partial list of orders which were previously appealable under the old Rule 341, but which are no longer appealable. Among those listed is: “an order dismissing a counterclaim but leaving pending the complaint which initiated the action.” Pa. R.A.P. 341, Note. The present order presents precisely such a situation; the order of the trial court dismissed Andrew’s new matter and counterclaim, but the mortgage foreclosure action, the initial action, remained pending. Accordingly, this order is not appealable as a final order. Pa.R.A.P. 341.
 

 Alternatively, a court may provide an express determination that an order is final pursuant to Pa.R.A.P. 341(c) and thereby allow an immediate appeal of an otherwise unappealable interlocutory order.
 
 Albright,
 
 429 Pa.Super. at 441, 632 A.2d at 938 (1993). The trial court did not make an express determination that the order in the case at bar is a Rule 341(c) final order. Pa.R.A.P. 341(c).
 

 Another way in which orders may be appealed is if they constitute a collateral order pursuant to Rule 313. Amended Rule 313 is a codification of existing case law concerning appealable collateral orders, which are defined as: “order[s] separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost.” Pa.R.A.P. 313(b);
 
 Pugar v. Greco,
 
 483 Pa. 68, 73, 394 A.2d 542, 545 (1978) (citing
 
 Cohen v. Beneficial Ind. Loan Corporation,
 
 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)).
 
 See also Perry N. Blackman v. Alexander Katz,
 
 390 Pa.Super. 257, 568 A.2d 642 (1990);
 
 Gatten v. Merzi,
 
 397 Pa.Super. 148, 579 A.2d 974 (1990);
 
 Danko Development Corp. v. Econocast Corp.,
 
 369 Pa.Super. 120, 534 A.2d 1108 (1987);
 
 National Recovery Systems v. Perlman,
 
 367 Pa.Super. 546, 533 A.2d 152 (1987). The instant
 
 *568
 
 order does not fall under the purview of this rule because Andrew’s new matter and counterclaim form a separate cause of action which is not so integrated into the claim at issue, i.e., the mortgage foreclosure, that denial of an appeal from the trial court’s order would result in the claimed right being irreparably lost.
 
 Pugar, supra.
 

 Alternatively, permission to appeal from an interlocutory order may be granted pursuant to 42 Pa.C.S.A. § 702. Section 702(b) requires the order to contain the trial court’s certification “that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter....” 42 Pa.C.S.A. § 702(b); Pa.R.A.P. 312, 1311. In addition to the language prescribed by Section 702(b) of the Judicial Code, Pa.R.A.P. 1311(b) requires the appellant to file a petition for permission to appeal with the appellate court within thirty (30) days after entry of such order in the trial court. In the case at bar, the trial court’s order does not contain the requisite language pursuant to Section 702(b), nor did Andrew file a petition for permission to appeal; consequently, the order is not appealable under this provision.
 

 The trial court’s order merely sustains Continental’s objections to Andrew’s new matter and counterclaim and prevents Andrew from raising its assertions at this juncture of the litigation. The order does not terminate the initial mortgage foreclosure action nor does it state that it is a final order and immediately appealable pursuant to Rule 341. Additionally, this order is not an interlocutory order appealable as of right. Andrew may make its allegations and contentions asserted in its new matter and counterclaim upon final adjudication of all claims in this action. Hence, this appeal is premature and must be quashed.
 

 Appeal quashed.
 

 [1]
 

 . A second loan was made in 1982 (the "1982 loan") by Continental to CCIDA for $1.4 million and was also secured by a mortgage on the Premises. Again, Andrew contracted with CCIDA to purchase the Premises pursuant to another Installment Sales Agreement, whereby Andrew’s monthly payments were equal to CCIDA's obligation under the 1982 loan, and Andrew paid this amount to Continental directly. However, this loan is not at issue in the instant case.
 

 [2]
 

 . A "terre-tenant" is the actual occupier of the land, as distinguished from the owner out of possession of the land. In Pennsylvania, it also denotes one who purchases land subject to an existing lien of mortgage or judgment against the former owner.
 

 [3]
 

 . The Premises were previously owned by Andrew and then deeded to CCIDA for the purpose of obtaining a loan, and then Andrew was to repurchase the Premises from CCIDA.
 

 [4]
 

 . Andrew’s appeal asserts that its new matter was a valid defense against a mortgage foreclosure claim and that its counterclaim was proper under Pa.R.C.P. 1148 because it arose from the same transaction or occurrence as the mortgage action. Because we find this appeal to be premature, however, we need not address the merits of the appeal.