J. A01012/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BEVERLY CUNNINGHAM, INDIVIDUALLY, AND AS TRUST BENEFICIARY | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| ALVIN D. CUNNINGHAM, INDIVIDUALLY, ALVIN D. CUNNINGHAM AS TRUSTEE, AND ALVIN D. CUNNINGHAM TRUST, | : : : : : | No. 336 WDA 2014 |
| Appellant | : | |

Appeal from the Order, January 22, 2014,
in the Court of Common Pleas of Somerset County
Civil Division at No. 68 Civil 2007

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE AND ALLEN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED FEBRUARY 27, 2015**

Appellant, Alvin D. Cunningham, individually, Alvin D. Cunningham as trustee, and Alvin D. Cunningham Trust appeals the order of the Court of Common Pleas of Somerset County which entered judgment in favor of Beverly Cunningham, appellee. We quash this appeal.

This case involves the enforcement of a post-nuptial agreement ("PNA") along with a family trust agreement ("FTA") that were executed on November 1, 1996, by the parties who were formerly husband and wife. Appellee is the donee and primary beneficiary as to the FTA, and appellant is the settlor and trustee of the same. On May 12, 1998, the parties executed

an amendment to the FTA; and both trust agreements recite that the trusts are formed for the purpose of securing certain financial obligations incurred by appellant under the provisions of the PNA.

This current action was commenced by complaint on January 26, 2007. Appellant filed an answer, new matter, and counter-claim on May 22, 2007, which was answered by appellee on May 28, 2008. Appellee filed a second amended complaint on July 6, 2011. Appellant filed an answer, new matter, and counter-claim to the second amended complaint on February 3, 2012. A motion for contempt was filed on April 4, 2012, followed by an amended motion for contempt/motion to enforce filed on November 6, 2012. Appellant filed an answer to the amended motion for contempt/motion to enforce on November 21, 2012. As a result of the filings, the trial court issued its January 19, 2014 order, subsequently filed on January 22, 2014, which entered judgment in favor of appellee and against appellant in the amount of $23,333.33 and further ordered appellant to recommence monthly installment payments in the amount of $1,666.66 each forthwith pending a resolution of all disputed factual and legal matters.

This court has jurisdiction only over final orders. 42 Pa.C.S.A. § 742. Pennsylvania Rule of Appellate Procedure 341(b) defines final orders as those that resolve all issues as to all parties, are defined by statute as final, or are entered as final under Pa.R.A.P. 341(c). The order in question is not final. In its order, the trial court directed "the parties may complete

discovery as needed and praecipe the matter for hearing on disputed factual issues." (Order, 1/19/14.)  Clearly, this matter is unfinished and additional litigation is anticipated.  ***See Continental Bank v. Andrew Building Co.***, 648 A.2d 551, 554 (Pa.Super. 1994) ("A final order is any order that dismisses all claims or all parties.").  Because this is not an appeal from a final order, or from any of the non-final order "exceptions" that would form a basis for an appeal, we lack jurisdiction to hear this appeal.  ***Id.*** at 553 (an appellate court may, ***sua sponte***, determine whether an appeal is properly before this court).  Accordingly, we must quash.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2015