J-S79002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SARA STRANIERI AND JOHN J. STRANIERI, III | : | No. 641 MDA 2018 |
| Appellants | : | |

Appeal from the Order Entered March 12, 2018
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s): 16-CV-4848

BEFORE: SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                **FILED: MARCH 27, 2019**

Appellants Sara Stranieri and John J. Stranieri, III, appeal, *pro se*, in this mortgage foreclosure action initiated by Appellee, Federal National Mortgage Association ("Fannie Mae"), from orders entered in the Lackawanna County Court of Common Pleas on March 12, 2018.[1] We quash the appeal.

---

[1] We note that the caption reflects that the appeal is from a single order; in actuality, it is from three orders filed the same day. On March 12, 2018, the trial court entered three orders, discussed *infra*. The first sustained the preliminary objections of Judge Julia Munley filed October 30, 2017, to Appellants' "New Matter/Affirmative Defense/Counterclaim. The second sustained the preliminary objections of Fannie Mae filed November 21, 2017, to Appellants' counterclaims. The third sustained the preliminary objections of the successor plaintiff to Fannie Mae, MTGLQ Investors, L.P. ["MTGLQ"], filed on October 27, 2017, to Appellants' new matter and counterclaims.

The trial court provided the following statement of the history of this case in its Pa.R.A.P. 1925(a) opinion,[2] in pertinent part:

1.)   On August 29, 2016, a complaint in residential mortgage foreclosure was filed by [Fannie Mae] against both Stranieri [Appellants].  Said complaint also contained a notice relative to the [c]ourt's mortgage foreclosure diversion program.  The complaint noted both [Appellants] entered into a mortgage and a promissory note on March 18, 2006.  Their realty encumbered was 132 South Filmore Avenue, Scranton, Pennsylvania.  [Fannie Mae] held the mortgage at the time suit was commenced.

2.)   On September 22, 2016, the Lackawanna County Sheriff's office filed returns of service indicating both Stranieri [Appellants] were (NF), meaning not found, on September 20, 2016 by the serving officers.

3.)   On October 31, 2016, an order to allow service per Pa.R.C.P. 430 was signed by Honorable Vito P. Geroulo.

4.)   On November 7, 2016, [Fannie Mae] reinstated [its] complaint in residential mortgage foreclosure against both Stranieri [Appellants].

5.)   On November 29, 2016, Sheriff's return of service of the complaint in residential mortgage foreclosure showed both Stranieri [Appellants] were once again not found.

6.)   Pursuant to [an] earlier order, the Sheriff's return of service of December 7, 2016 indicated that the property located at 132 Filmore Avenue, Scranton, Pennsylvania, Lackawanna County was posted and on December 19, 2016 this type of return of service was filed.

7.)   On January 7, 2017, *pro se* [Appellants] filed preliminary objections to the residential mortgage foreclosure complaint and those were referred to the Court Administrator for assignment.

_____

[2]  One of the myriad defects in Appellants' Brief is their failure to attach the opinion of the trial court in violation of Pa.R.A.P. 2111(b).

8.) On January 30, 201[7],[3] judgment in the amount of $94,106.51 was entered in favor of [Fannie Mae] and against both Stranieri [Appellants].

9.) On February 6, 2017, a Petition and Rule to Show Cause why the defective improper default judgment of [Fannie Mae] versus both Stranieri [Appellants] was signed by the Honorable James A. Gibbons with a rule returnable before the Honorable Julia Munley on March 7, 2017.

10.) On February 21, 2017, a petition for writ of execution in mortgage foreclosure was filed in the amount of $94,106.51.

11.) At some point, a briefing schedule and argument was ordered by the Honorable Julia Munley to hear Stranieri [Appellants'] preliminary objections noted above.[4]

12.) On September 8, 2017, Judge Munley denied the preliminary objections filed by the Stranieri [Appellants].

13.) On October 10, 2017, *pro se* [Appellants] filed answers to the mortgage foreclosure complaint along with new matter, affirmative defenses and counterclaims for wrongful foreclosure and fraud.

* * *

15.) On October 16, 2017, a substitution of successor Plaintiff was filed pursuant to Pa. R.C.P. 2352(a). [Appellee MTGLQ] became substitute Plaintiff[] in place of [Fannie Mae] in both the foreclosure action as well as [the] Counterclaim Defendants.

16.) On October 27, 2017, preliminary objections of MTGLQ Investors, L.P. were filed-against the new matter, affirmative defenses and counterclaims of both Stranieri [Appellants] addressing wrongful foreclosure and fraud and naming the

---

[3] Our review of the record reveals that the trial court made a typographical error in referring to the date of the default judgment as January 30, 2018.

[4] The trial court failed to note that by order dated March 7, 2017, and filed March 8, 2017, the January 30, 2017 default judgment entered against Appellants was "vacated and stricken." Order, 3/8/17.

Honorable Julia Munley as a defendant for her denial of Stranieris' preliminary objections.

* * *

21.) On March 12, 2018, after review of the pleadings and briefs and after entertaining oral arguments on all of the outstanding preliminary objections, this [c]ourt signed three (3) orders relative to the outstanding preliminary objections.

(a). The first order provided that the preliminary objections filed on behalf of Judge Munley were sustained. [Appellants] joined Judge Munley because they were unhappy that Judge Munley quite properly dismissed their earlier preliminary objections. [Appellants] then improperly joined Judge Munley as an additional defendant, thus forcing her to recuse herself. There was no basis in law or in fact with this procedure. It was at its essence a dilatory spite move. To that extent, it worked because it bought [Appellants] additional time. [Appellants] defaulted on their mortgage and are totally lacking in a meritorious defense. The result is delay.

(b.) The next order was entered on behalf of original Defendant, [Fannie Mae,] to the counterclaim of [Appellants]. The counterclaims were totally devoid of merit and were essential in a rambling document lacking in conformity to the substantive law as well as to the procedural prerequisites[. Fannie Mae's] preliminary objections were therefore sustained and [Appellants'] counterclaims were dismissed. Furthermore, [Fannie Mae] had already indirectly assigned their rights under the mortgage to MTGLQ . . . who are and have been the successor plaintiff to [Fannie Mae] and the true present Plaintiff in interest in this case.

(c.) The final order of March 12, 2018 was to address the preliminary objections of . . . MTGLQ . . . successor Plaintiff to [Fannie Mae]. The objections herein were in response to the new matter, affirmative defenses and counterclaims of [Appellants] Stranieri.

Pa.R.A.P. 1925(a) Opinion, 6/14/18, at 1–5. Appellants filed a notice of appeal to this Court on April 11, 2018. The trial court complied with Pa.R.A.P. 1925(a) but did not order Appellants to file a Rule 1925(b) statement.

Appellants raise the following issues in the Statement of Questions Involved in their brief:

> Point I.
> Whether a conflict of interest exists in this case, as Senior Judge Carmen D. Minora made a ruling in favor of his colleague and associate Julia K. Munley?
>
> Point II.
> Whether [Appellants] have the right of rescission of an agreement based upon misrepresentation, fraud, etc., under the Federal Reserve System?
>
> Point III.
> Whether the counterclaims come within the purview of federal subject matter jurisdiction and outside the judicial authority of the state court?
>
> Point IV.
> Whether the court committed harmful and palpable error when it dismissed the counterclaims against three (3) counterclaim defendants, specifically, [Fannie Mae], [MTGLQ], and Julia K. Munley?
>
> Point V.
> Whether the Lackawanna County Court Of Common Pleas is a "Kangaroo Court" and a "Coram Non Judice?"
>
> Point VI.
> Whether Senior Judge Carmen D. Minora acted in a ministerial, administrative, and clerical capacity when he executed the three (3) orders dismissing the counterclaims with prejudice, the only subject matter of this case?

Appellants' Brief at ix.

We first note that Appellants' Brief is a rambling, obscure, unintelligible stream of consciousness and Latin maxims that are unconnected and irrelevant to the case.[5] Thus, we cannot discern the true nature of Appellants' claims. Pa.R.A.P. 2101 ("Conformance with Requirements") provides:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

"Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **In re Ullman**, 995 A.2d 1207, 1211–1212 (Pa. Super. 2010). Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of Court. **Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted).

The defects in Appellants' brief and their failure to adequately develop arguments and support bald assertions impair our ability to conduct meaningful judicial review of their claims. For this reason, we could find all of

---

[5] By way of example, we offer Appellants' assertion that "[t]he lower court/tribunal while sitting within a municipal form of government under "**Military Colors**" is nothing less than a "**Kangaroo Court**."" Appellants' Brief at 9.

the issues waived. ***See Stimmler v. Chestnut Hill Hosp.***, 981 A.2d 145, 153 n.9 (Pa. 2009) (argument portion of brief must contain "sufficient citation to the record and legal authority, together with analysis, to guide this Court in its review of the issue."). Instead, however, we are compelled to agree with Fannie Mae and MTGLQ and quash the appeal because Appellants seek to appeal interlocutory trial court orders, and none of the exceptions by which this Court could properly consider the appeal apply.

It is well settled that an appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 42 Pa.C.S. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313). ***See In re Estate of McAleer***, 194 A.3d 587, 592 (Pa. Super. 2018) (discussing appealability of orders). Pennsylvania Rule of Appellate Procedure 341 defines final orders as follows:

> **(a) General rule.** Except as prescribed in paragraphs (d) and (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.
>
> **(b) Definition of Final Order.** A final order is any order that:
>
> > (1)  disposes of all claims and of all parties; or
> >
> > (2)  RESCINDED[6]

---

6 Pa.R.A.P. 341(b)(2) previously stated that final orders included "any order that is expressly defined as a final order by statute[.]" Pa.R.A.P. 341(b)(2) (rescinded). Subsection (b)(2) was rescinded December 14, 2015, and replaced with Pa.R.A.P. 311(a)(8), which became effective on April 1, 2016.

(3)    is entered as a final order pursuant to paragraph (c) of this rule.

**(c)    Determination of finality.**  When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.  Such an order becomes appealable when entered.  In the absence of such a determination and entry of a final order, **any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order**.  . . .

Pa.R.A.P. 341 (emphasis added).  Thus, pursuant to Rule 341, an order is final if it disposes of all claims and all parties or if a statute expressly defines it as final.  The orders entered March 12, 2018, from which the appeal lies, dismissed Appellants' counterclaims.  As such, they did not terminate the underlying foreclosure action[7] because the orders did not dispose of all claims and all parties.  ***See United States Organizations for Bankruptcy Alternatives, Inc. v. Department of Banking***, 26 A.3d 474, 480 (Pa. 2011).  (If order in question merely narrows scope of litigation and does not resolve the entirety of the parties' eligibility for relief, the order is interlocutory and not immediately appealable).  This outcome comports with this Court's long-standing and well-founded policy against piecemeal litigation.

---

[7]    Indeed, subsequent to the instant appeal, MTGLQ filed a motion for summary judgment on August 16, 2018.  ***See*** Pa.R.A.P. 1701(b)(6) ("After an appeal is taken . . . the trial court . . . may [p]roceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal.").

- 8 -

***Pennsylvania Bankers Ass'n v. Pennsylvania Dep't of Banking***, 948

A.2d 790, 798–799 (Pa. 2008).

Further, the orders appealed cannot serve as a basis for an interlocutory

appeal as of right. "[A]n order sustaining preliminary objections to new matter

and counterclaim does not constitute a basis for an interlocutory appeal as of

right" pursuant to Pa.R.A.P. 311. ***Continental Bank v. Andrew Bldg. Co.***,

648 A.2d 551, 553–554 (Pa. Super. 1994). Neither an order overruling

preliminary objections to a complaint, nor an order sustaining preliminary

objections to new matter and counterclaims, are included in the list of

interlocutory orders to which an appeal of right attaches.[8]

_____

[8] Pa.R.A.P. 311(a) provides, in pertinent part:

> **General rule**.--An appeal may be taken as of right and without
> reference to Pa.R.A.P. 341(c) from:
>
> (1) *Affecting judgments*.--An order refusing to open, vacate, or
> strike off a judgment. If orders opening, vacating, or striking off
> a judgment are sought in the alternative, no appeal may be filed
> until the court has disposed of each claim for relief.
>
> (2) *Attachments, etc.*--An order confirming, modifying, dissolving,
> or refusing to confirm, modify or dissolve an attachment,
> custodianship, receivership, or similar matter affecting the
> possession or control of property, except for orders pursuant to
> 23 Pa.C.S. §§ 3323(f), 3505(a).
>
> (3) *Change of criminal venue or venire*.--An order changing venue
> or venire in a criminal proceeding.

Moreover, the March 12, 2018 orders are not appealable as collateral orders. Pa.R.A.P. 313 defines a collateral order as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). The instant orders cannot be considered as collateral orders because Appellants' counterclaims do not "form separate

_____

(4) *Injunctions*.--An order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction unless the order was entered:

(i) Pursuant to 23 Pa.C.S. §§ 3323(f), 3505(a); or

(ii) After a trial but before entry of the final order. Such order is immediately appealable, however, if the order enjoins conduct previously permitted or mandated or permits or mandates conduct not previously mandated or permitted, and is effective before entry of the final order.

(5) *Peremptory judgment in mandamus*.--An order granting peremptory judgment in mandamus.

(6) *New trials*.--An order in a civil action or proceeding awarding a new trial, or an order in a criminal proceeding awarding a new trial where the defendant claims that the proper disposition of the matter would be an absolute discharge or where the Commonwealth claims that the trial court committed an error of law.

(7) *Partition*.--An order directing partition.

(8) *Other cases*.--An order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties.

cause[s] of action which [are] not so integrated [with] the claim at issue . . . that denial of an appeal from the trial court's orders would result in the claimed right being irretrievably lost." **Continental**, 648 A.2d at 555.

Finally, Pa.R.A.P. 312 provides for the appeal of an interlocutory order by permission. Appellants did not file a petition for permission to appeal nor did the trial court certify that the "order[s] involve[] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter[.]" 42 Pa.C.S. § 702(b); Pa.R.A.P. 1311 (Interlocutory Appeals by Permission). Thus, the March 12, 2018 orders also are not appealable as interlocutory by permission.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2019