Lucilia Abraham ROSY and Rebekah Rosy, A Minor, by Lucilia Abraham Rosy, her Mother and Natural Guardian, and Lucilia Rosy, in her Own Right, Appellees,

v.

**NATIONAL GRANGE MUTUAL INSURANCE COMPANY,**
**Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 10, 2001.

Filed April 3, 2001.

John M. Sheridan, Media, for appellant.

Robert Land, Philadelphia, for appellees.

Before STEVENS, MONTEMURO,* and BECK, JJ.

STEVENS, J.:

¶ 1 National Grange Mutual Insurance Company appeals from an April 13, 2000 order of the Court of Common Pleas of Philadelphia County, which granted a petition to compel arbitration filed by Lucilia Abraham Rosy and her daughter, Rebekah Rosy. Because this appeal was taken from an interlocutory order that is not appealable, we quash it.

¶ 2 Lucilia and Rebekah Rosy were injured in June of 1995 when the car they were riding in rear-ended another vehicle. The Rosys sued the driver/owner of the

_____

* Retired Justice assigned to the Superior Court.

vehicle in 1998, and National Grange, the insurer of the vehicle, informed them that it had already paid out its aggregate bodily injury liability limits to others.

¶ 3 On July 7, 1999, the Rosys commenced a civil action against National Grange by filing a Writ of Summons, seeking arbitration, and on August 18, 1999, National Grange praeciped for the filing of a complaint. On December 29, 1999, the Rosys filed a petition to compel arbitration,[1] and on January 27, 2000, National Grange filed a response to the petition.

¶ 4 While the petition to compel arbitration was pending, the Rosys filed a complaint on January 13, 2000, in compliance with the rule issued upon them on August 18, 1999. The complaint specifically indicated that it sought no additional remedies; the Rosys merely continued to request that their petition to compel arbitration be granted.[2]

¶ 5 On February 4, 2000, the trial court filed an order denying the petition to compel arbitration.[3] The Rosy responded by filing a petition for reconsideration on February 14, 2000. On March 2, 2000, the March 3, 2000 arbitration hearing was rescheduled to April 3, 2000. On March 2, 2000, the trial court vacated its order of February 4, 2000, pending reconsideration. On March 30, 2000, the arbitration hearing was pushed back until May 3, 2000.

¶ 6 On April 13, 2000, the trial court issued the following order:

AND NOW, this 13th day of April, 2000, upon reconsideration of petitioners' Petition to Compel Arbitration, it is hereby ORDERED and DECREED that within thirty days National Grange shall comply with the Arbitration clause and participate in the arbitration process through the American Arbitration Association in its Philadelphia, Pennsylvania venue.

Trial Court Order dated 4/13/00, docketed 4/19/00.[4]

¶ 7 On April 27, 2000, the Rosys requested that pursuant to the April 13, 2000 order, the May 3, 2000 arbitration hearing be cancelled, and National Grange appealed the grant of the motion to compel arbitration on May 11, 2000.

 ¶ 8 We may not address the merits of this appeal without first determining whether the trial court's order compelling arbitration is appealable.

An order directing arbitration, whether statutory or common law, is an interlocutory order and is not immediately appealable. See *Myerowitz v. Pathology Laboratory Diagnostics, Inc.*, 451 Pa.Super. 72, 678 A.2d 404 (1996) (order compelling arbitration is considered an unappealable, interlocutory order, because the parties are forced into, rather than put out of, court); *Canter's Pharmacy, Inc. v. Elizabeth Associates*, 396 Pa.Super. 505, 578 A.2d 1326 (1990) (order granting petition to proceed to arbitration is not subject to appellate review); *Brennan v. General Accident Fire and Life*, 307 Pa.Super. 288, 453 A.2d 356 (1982) (order directing common law arbitration is not an appealable order); *United Services Automobile Asso-*

1. Through Philadelphia County's compulsory arbitration program, an arbitration hearing was automatically scheduled for March 3, 2000.

2. National Grange filed preliminary objections to the complaint, which were assigned to Judge Glazer.

3. The February 4, 2000 order was docketed on February 7, 2000.

4. Pursuant to the April 13, 2000 Order of Judge Herron, National Grange's preliminary objections were returned by Judge Glazer and marked withdrawn as moot.

ciation [USAA] v. Shears, 692 A.2d 161 (1997) (en banc) (Ford Elliott, J., dissenting) (an appeal from an order *denying* an application to compel arbitration is authorized by statute, but an appeal from an order *granting* such an application is not).[1]

[1] We note that 42 Pa.C.S.A. § 7302(a) provides that an agreement to arbitrate is conclusively presumed to be an agreement to common law arbitration, unless the agreement to arbitrate is in writing and expressly provides for statutory arbitration. The arbitration clause in this case does not indicate which method is to be employed. Thus, common law arbitration would be applicable. In any event, regardless of whether the rules of statutory or common law arbitration are applicable, an order compelling arbitration is interlocutory and unappealable. See [above cited cases].

Campbell v. Fitzgerald Motors, 707 A.2d 1167, 1168 (Pa.Super.1998). Thus, it would appear that the trial court's order compelling arbitration is not appealable.

¶ 9 National Grange argues, however, that a panel of this court, in *United Services Automobile Association,* found appealable an order compelling arbitration in accordance with the rules provided by the American Arbitration Association. *United Services Automobile Association,* 692 A.2d at 162. In that case, the Majority cited the Rules of Appellate Procedure as follows:

Pennsylvania Rule of Appellate Procedure 313 provides as follows:

(a) An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

(b) A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313; see *Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978).

*Id.* at 162. Acknowledging that the order compelling arbitration was interlocutory, the Majority nevertheless applied Rule 313 to find it appealable.[5]

¶ 10 We cannot reach the same conclusion here, as Applying Rule 313 to the case at hand reveals that the order compelling arbitration is not an order separable from and collateral to the main cause of action. Because the order appealed from is not collateral to the main cause of action, Rule 313 does not operate to render the order appealable.

¶ 11 For the foregoing reasons, we quash this appeal.

¶ 12 Appeal quashed.

---

5. The Majority first concluded that "without question, the order to compel arbitration is collateral to the main cause of action the declaratory judgment action." *United Services Automobile Association,* 692 A.2d at 163. Next, the Majority found that "[c]learly, the question of whether a court may order an out-of-state insurer to submit to arbitration on a newly-created tort is an important one." *Id.*

Finally, the Majority decided that "going forward with the arbitration will result in the loss of appellate review, which means that USAA's claim under the declaratory judgment action will be irreparably lost." *Id.* Under this analysis, the Majority concluded that "Rule 313 clearly makes the ruling appealable even though it is interlocutory." *Id.*