J-A20008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BIG DADDY'S BEER & PIZZA, INC. D/B/A ANGELINA'S BAR & RESTAURANT AND SAL SCALZO | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| v. | : : | |
| DELBALSO BROTHERS REALTY, A PENNSYLVANIA PARTNERSHIP, AND JOSEPH DELBALSO, SANDRA DELBALSO, MICHAEL DELBALSO, MARY DELBALSO AND DONNA AMATO-DELBALSO | : : : : : : : : | |
| Appellees | : | No. 1908 MDA 2016 |

Appeal from the Order Entered October 24, 2016
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 20160016

BEFORE: GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.:       **FILED SEPTEMBER 25, 2017**

Appellants, Big Daddy's Beer & Pizza, Inc., d/b/a Angelina's Bar & Restaurant, and Sal Scalzo, appeal the order sustaining Appellees' preliminary objections to compel arbitration. Appellant entered into a five-year lease agreement ("Lease") with Appellee, Delbalso Brothers Realty *et al.*, on June 1, 2011. The Lease contained a broad arbitration clause stating any controversy or claim relating to the contract, including the construction or application of the contract, will be settled by binding arbitration under the rules of the American Arbitration Association. On May 19, 2014, Appellee filed a landlord/tenant complaint against Appellants for possession of the

premises as Appellants owed substantial unpaid rent. The district court entered judgment in favor of Appellee on June 3, 2014, and later granted Appellee possession of the premises on July 14, 2014, because Appellants had not satisfied the money judgment. Appellants filed a complaint against Appellee on January 4, 2016, for replevin, conversion, trespass to chattels, and unjust enrichment, after Appellee denied Appellants' request to retrieve equipment. Appellee filed preliminary objections based on the arbitration clause in the Lease. The trial court sustained Appellees' preliminary objections on October 24, 2016, and ordered arbitration per the lease. Appellants filed a notice of appeal on November 23, 2016.

Initially, we observe an appeal to this Court may be taken from: "(1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)." *In re Estate of Cella*, 12 A.3d 374, 377 (Pa.Super. 2010). Generally, an order sustaining preliminary objections compelling arbitration is not immediately appealable. *Sew Clean Drycleaners and Launders, Inc. v. Dress for Success Cleaners, Inc.*, 903 A.2d 1254 (Pa.Super. 2006). *See also Rosy v. National Grange Mut. Ins. Co.*, 771 A.2d 60 (Pa.Super. 2001) (quashing appeal from order compelling arbitration; order directing either statutory or common law arbitration is interlocutory and immediately unappealable). *Compare* 42 Pa.C.S.A. §

7320(a) (permitting immediate appeal from order **denying** application to compel arbitration).

Instantly, Appellants and Appellee entered into an enforceable lease agreement with a broad arbitration clause. Appellants' complaint asserted multiple tort claims to recover property remaining in Appellee's possession as a result of Appellants' breach of the lease and failure to satisfy a final judgment for unpaid rent. The trial court sustained Appellee's preliminary objections to compel arbitration. Appellants now appeal that interlocutory and unappealable order.[1] **See Sew Clean Drycleaners and Launders, Inc., supra**. Accordingly, we quash the appeal.

Appeal quashed.

_____

[1] Appellants rely on **United States Automobile Association v. Shears**, 692 A.2d 161 (Pa.Super. 1997), for the proposition that an order compelling arbitration can be immediately appealable as a collateral order. Appellants' wholesale reliance on **Shears** is insufficient, where Appellants make no argument on each prong of the collateral order doctrine. **See generally AmerisourceBergen Corp. v. Does**, 81 A.3d 921 (Pa.Super. 2013), *appeal denied*, 626 Pa. 695, 97 A.3d 742 (2014) (stating Pa.R.A.P. 313 must be interpreted narrowly and its requirements are stringent; each prong of doctrine must be met before order can be considered collateral; to qualify under Rule 313, issue "must involve rights deeply rooted in public policy going beyond the particular litigation at hand"; importance to particular party is insufficient to obtain immediate review). **See also Melvin v. Doe**, 575 Pa. 264, 836 A.2d 42 (2003) (stating each prong of collateral order doctrine must be met; appellant must affirmatively demonstrate collateral nature of order under review).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/25/2017</u>