IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Haverford Hill Condominium :
Association, :
:
:
Appellant :
:
v. : No. 1127 C.D. 2020
: Argued: June 7, 2021
Michelle K. Lekoma :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED:  August 18, 2021


Haverford Hill Condominium Association (Association) appeals the October 8, 2019 order of the Delaware County Court of Common Pleas (trial court), denying the Association's petition to remove the action from arbitration.  Upon review, we quash the appeal.

On January 2, 2019, the Association filed a two-count complaint against Michelle Lekoma (Lekoma) for claims of breach of the Association's Declaration for failure to pay condominium assessments as required under the Declaration and the Uniform Condominium Act (Condominium Act),[1] and a claim for the entry of Judgment of Foreclosure based on the failure to pay the assessments.

---

[1] 68 Pa. C.S. §§3101-3414.

Reproduced Record (R.R.) at 11a-18a.[2]  The matter was scheduled for arbitration. The Association requested, and was granted, two continuances.

By a July 10, 2020 email, the Association inquired of the trial court's Civil Court Administrator (Administrator) as to why the instant condominium lien foreclosure action was assigned to arbitration.  R.R. at 106a.  In a reply email, the Administrator stated:  "It is the [trial court's] position on any foreclosure cases that, if the amount in controversy is $50,000 or less, the case should proceed to [a]rbitration as there is no determination that needs to be made regarding title to property."  *Id.* at 105a.

In a response, the Association sent an email to the Administrator, which stated, in relevant part:

---

[2] In Count I of the Complaint, seeking Judgment of Foreclosure, the Association merely alleges that it "makes assessments against the units . . . pursuant to its authority under 68 Pa. C.S. §3314"; Lekoma "unilaterally and without excuse or explanation to the Association resolved to cease paying assessments"; "[d]espite demand, [Lekoma] has failed to make payments for assessments through the date of this Complaint, and it is believed that [Lekoma] will continue to fail to make payments for assessments as they come due"; and "[t]he Association has expended and will expend significant legal fees and costs in the collection of the past-due assessments and enforcement of its Declaration, Bylaws, Rules and Regulations, and such fees and costs are due from [Lekoma] as additional assessments under 68 Pa. C.S. §3315."  R.R. at 15a.  Rule 1147(a)(5) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1147(a)(5), governing Actions in Mortgage Foreclosure, states that "[t]he plaintiff *shall* set forth in the complaint: . . . an itemized statement of the amount due; and [] a demand for judgment for the amount due." (Emphasis added.)  However, Count I does not contain the required itemized statement of any amount purportedly due from Lekoma, or a demand for judgment for the amount that is purportedly due.

In addition, Pa. R.C.P. No. 1146, also governing Actions in Mortgage Foreclosure, provides that "[t]he plaintiff may state in the complaint two or more grounds for foreclosure but may not state more than one cause of action."  As outlined above, the Association also asserted a Breach of Declaration cause of action against Lekoma in Count II of the Complaint.  *See* R.R. at 16a.  *See also London Towne Homeowners Association v. Karr*, 866 A.2d 447, 452 (Pa. Cmwlth. 2004) ("An action of mortgage foreclosure is an action at law governed by [Pa. R.C.P. Nos.] 1141-1150; 22 Standard Pennsylvania Practice 2d §121:30 (2003).  These procedural requirements must be strictly followed (citation omitted).").

2

A foreclosure involves title to the property – that is the entire point of a foreclosure action. The purpose of the foreclosure is to enforce the lien, obtain a judgment against the property and then sell the property via sheriff's sale. Further your explanation is contrary to [Section 7361(b)(1) of the Uniform Arbitration Act (UAA), 42 Pa. C.S. §7361(b)(1),[3]] which states that matters which involve title to real property are not to be submitted to compulsory arbitration. [Rule *1301 of the Delaware County Local Rules of Civil Procedure, Del. Co. R.C.P. *1301,[4]] concerning actions submitted to compulsory arbitration in accordance with Section 7361, [states that it] "does not apply to cases involving title to real estate." Foreclosure of condominium liens are *in rem*. *See Gateway Towers* [*Condominium Association*] *v. Krohn*, 845 A.2d 855, 858 (Pa. Super. 2004). *In rem* actions determine the status of a property. *See* Black's Law Dictionary (9th ed.), p. 919.

Moreover, the Association is permitted, under the Condominium Act, to foreclose its lien against a unit. 68 Pa. C.S.[] §3315(a).[5] By preventing the Association from

---

[3] Section 7361(b)(1) of the UAA states that "[n]o matter shall be referred [to mandatory arbitration] under subsection (a) . . . which involves title to real property[.]" 42 Pa. C.S. §7361(b)(1).

[4] Del. Co. R.C.P. *1301(a) states:

> (a) In accordance with [Section] 7361 of the [UAA, 42 Pa. C.S. §7361], all civil cases, to include assessments of damages, where the amount in controversy, exclusive of interest and costs, does not exceed $50,000.00 shall first be tried before a board of arbitrators. This rule does not apply to cases involving title to real estate nor to other cases prohibited from reference to a board of arbitrators under existing law.

[5] Section 3315(a) of the Condominium Act states, in pertinent part, that "[t]he association has a lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes due. The association's lien may be foreclosed in like manner as a mortgage on real estate." 68 Pa. C.S. §3315(a). *See also* Section 3315(e), 68 Pa. C.S. §3315(e) ("Nothing in this section shall be construed to prohibit actions or suits to recover **(Footnote continued on next page…)**

3

> obtaining a foreclosure judgment, the court is prejudicing the statutory rights of the Association. There is no monetary base requirement for the Association to file a foreclosure action, nor have I seen any in case law or statutes which state that if the amount due on a lien involving real property is less than $50,000, then it does not involve the title to the real property.
>
> The Association demands that this matter be removed from the arbitration per Pennsylvania law as its rights are being prejudiced.

R.R. at 104a-05a.

> In a reply email, the Administrator stated:
>
> The [trial] court will not remove this matter from arbitration, *sua sponte*. It is the consensus of the [trial] court that foreclosure matters do not involve a determination as to title to the real estate.
>
> The remedy available to you is the filing of a motion to have the matter removed from arbitration. However, I can tell you that, historically, such motions raising this same issue have been denied.

R.R. at 104a.

As a result, on July 21, 2020, the Association filed a Petition to Remove Action from Arbitration (Petition). R.R. at 2a-5a. On October 8, 2020, the trial court denied the Association's Petition, *id.* at 104a, explaining that the Association's complaint "seeks a monetary judgment and foreclosure upon a condominium lien. Neither of these items of relief involve title to real property as would an action for specific performance or for quiet title to a property." Trial Court 12/15/20 Opinion at 3 (citation omitted).

---

sums for which subsection (a) creates a lien or to prohibit an association from taking a deed in lieu of foreclosure."); *Karr*, 886 A.2d at 452 ("However, an association may also pursue payment of unpaid assessments by employing remedies less drastic than foreclosure. It is free, for example, to bring an action in debt or in contract to collect an assessment.").

The trial court also determined that its order denying the Petition does not constitute an appealable collateral order under Rule 313 of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 313,[6] because "[a]n [a]rbitration of [the Association's] claims as it consistently sought for eighteen (18) months prior to the filing of its [Petition], would result in the entry of an [a]ward which would be subject to appeal by either party,[7]" so that "no claim will be lost by anyone." Trial Court 12/15/20 Opinion at 2. Moreover, the trial court noted that "it is not sufficient that the issue involved be important to the particular parties. Rather, it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Id.* (citation omitted). The trial court held that "[t]he issues involved in the [Association's Petition] do not satisfy the foregoing standard and thus it is submitted that this Court's [order denying the Petition] is not [c]ollateral in nature but rather interlocutory and not subject to immediate appeal." *Id.* The Association then filed the instant appeal to this Court.[8]

On appeal, the Association argues that this Court possesses jurisdiction to consider this appeal because it is an appeal from a collateral order under Pa. R.A.P. 313. The Association also asserts that the trial court violated Section

---

[6] Pa. R.A.P. 313(a) provides, in pertinent part, that "[a]n appeal may be taken as of right from a collateral order of a trial court[.]"

[7] *See* Section 7361(d) of the UAA, 42 Pa. C.S. §7361(d) ("Any party to a matter shall have the right to appeal for trial de novo in the court."); Pa. R.C.P. No. 1307(c) ("If no appeal is taken within thirty days after the entry of the award on the docket, the prothonotary on praecipe shall enter judgment on the award.").

[8] "The question of the appealability of an order goes to the jurisdiction of the Court requested to entertain the question." *Fried v. Fried*, 501 A.2d 211, 212 (Pa. 1985) (citations omitted). "With regard to jurisdictional questions and other questions of law, our standard of review is *de novo*, and our scope of review is plenary." *Commonwealth ex rel. Kane v. Philip Morris, Inc.*, 128 A.3d 334, 340 n.5 (Pa. Cmwlth. 2015) (citations omitted).

5

7361(b)(1) of the UAA, Pa. R.C.P. No. 1301,[9] and Del. Co. R.C.P. *1301, by submitting a matter involving title to real property to arbitration.

"In this Commonwealth, there are few legal principles as well settled as that an appeal lies only from a final order, unless otherwise permitted by rule or statute." *McCutcheon v. Philadelphia Electric Company*, 788 A.2d 345, 349 (Pa. 2002). As our Supreme Court explained:

> Pa. R.A.P. 341 defines a "final order" in clear and unambiguous terms. In relevant part, Rule 341 provides that "[a] final order is any order that: (1) disposes of all claims and of all parties . . . ." Pa. R.A.P. 341(b)(1). In other words, an order satisfies the Rule's definition if it ends the litigation as to all claims and as to all parties. Note to Pa. R.A.P. 341.

*McCutcheon*, 788 A.2d at 350.

Additionally, as this Court has observed:

> It is well[]settled that an order compelling arbitration is not a final, appealable order. *Maleski* [*v. Mutual Fire, Marine and Inland Insurance Co.*, 633 A.2d 1143, 1145 (Pa. 1993)]; *Rosy v. Nat*[*ional*] *Grange Mut*[*ual*] *Ins*[*urance*] *Co.*, 771 A.2d 60 (Pa. Super. 2001). When a trial court compels arbitration, the action is stayed

---

[9] Pa. R.C.P. No. 1301 states: "These rules apply to actions which are submitted to compulsory arbitration pursuant to local rule under Section 7361 of the [UAA], 42 Pa. C.S. §7361." The Comment to this Rule states, in relevant part:

> In determining which actions to include or exclude, the nature of the action and the relief requested should govern. Obviously, actions which require equitable or declaratory relief are not to be referred. The grant of such relief is beyond the power of arbitrators. Similarly, actions to quiet title, mandamus, quo warranto and mortgage foreclosure, which require other than monetary relief, are not appropriate.

Pa. R.C.P. No. 1301 cmt.

6

pending arbitration, and the trial court retains jurisdiction and supervision over the arbitration. *Maleski*. The trial court does not address the merits of the parties' claims but merely transfers their dispute to another forum in accordance with the arbitration provision of the underlying contract.[10] *Fastuca v. L.W. Molnar & Assoc[iates]*, 950 A.2d 980 (Pa. Super. 2008), *aff'd*, [10 A.3d 1230 (Pa. 2011)]. Consequently, an appellate court lacks jurisdiction to determine the merits. *Maleski*.

As the Supreme Court explained, an order compelling arbitration is not appealable because "the parties are not forced 'out of court.'" *Id.* at 1145 (quoting *Gardner v. Prudential Ins[urance] Co.*, [481 A.2d 654, 655 (Pa. Super. 1984)]). "[A]n order compelling arbitration forces the parties into, rather than out of, court." *Id.*; *accord Rosy*.

*Philip Morris, Inc.*, 128 A.3d at 343.

Section 7320(a)(1) of the UAA allows for appeals from "[a] court order denying an application to compel arbitration made under section 7304 (relating to proceedings to compel or stay arbitration)." 42 Pa. C.S. §7320(a)(1). However, the UAA does not provide for an appeal from an order denying removal from arbitration. Therefore, this Court lacks jurisdiction to hear this appeal as it does not flow from a final, appealable order. 42 Pa. C.S. §7320(a); *Maleski*.

Nevertheless, as outlined above, "[a]n appeal may be taken as of right from a collateral order of a trial court[.]" Pa. R.A.P. 313(a). Pa. R.A.P. 313(b) provides:

[A] collateral order is[: (1)] an order separable from and collateral to the main cause of action[; (2)] where the right involved is too important to be denied review[;] and [(3)] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

---

[10] Or, in this case, pursuant to Del. Co. R.C.P. *1301(a) and the trial court's order.

7

For an interlocutory order to be deemed a collateral, appealable order, all three elements must be present. *Fried*, 501 A.2d at 214.[11]

Indeed, as this Court has explained:

> The collateral order doctrine must be narrowly construed, and all three prongs must be met before collateral appellate review is allowed. "Narrow application prevents the collateral order rule from subsuming the fundamental general precept that only final orders are appealable and from causing litigation to be interrupted and delayed by piecemeal review of trial court decisions." If "an order satisfies [Pa. R.A.P.] 313's three-pronged test," we "may exercise appellate jurisdiction where the order is not final."
>
> In determining whether an order is separable from and collateral to the main cause of action, the Court must first decide whether review of the order implicates the merits of the main cause of action. In other words, we examine "whether the issues appealed can be addressed without analysis of the underlying claims on the merits." Where review of the order in question does not implicate or affect the merits of the underlying dispute, it is separable from and collateral to the main cause of action.
>
> As for the second prong, "[a]n issue is important if the interests that would potentially go unprotected without immediate appellate review of that issue are significant relative to the efficiency interests sought to be advanced by the final judgment rule." "[I]t is not sufficient that the issue be important to the particular parties. Rather[,] it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." Generally, the implication of due process concerns is too important to be denied review.

---

[11] An interlocutory appeal may also be taken *by permission* pursuant to Section 702(b) of the Judicial Code, 42 Pa. C.S. §702(b). However, the Association failed to seek the trial court's permission to appeal the instant order.

Finally, with regard to the third prong of the analysis, we ask "whether a right is 'adequately vindicable' or 'effectively reviewable.'" This question "cannot be answered without a judgment about the value interests that would be lost through rigorous application of a final judgment requirement." For instance, the substantial cost a party would incur in defending a claim may equate to an irreparable loss of a right to avoid the burden entirely.

As discussed above, an order compelling arbitration is generally not appealable as an interlocutory order under Pa. R.A.P. 311(a)(8)[12] and Section 7320 of the UAA. However, such an order may be appealable as a collateral order in limited circumstances. *See, e.g.*, *Gilyard v. Redev[elopement] Auth[ority] of Phila[delphia]*, 780 A.2d 793 (Pa. Cmwlth. 2001); *U.S. Auto[mobile] Assoc[iation] v. Shears*, 692 A.2d 161 (Pa. Super. 1997)[.]

*Philip Morris, Inc.*, 128 A.3d at 344-45 (citations and footnotes omitted).

As outlined above, in this case, the trial court appropriately determined that the order denying the Association's Petition is not an appealable, collateral order because the second and third elements provided in Pa. R.A.P. 313(b) are not present. Specifically, the trial court's order will not prejudice the Association's right to ultimately obtain the requested recovery based on the properly pleaded Count II *in personam* claim against Lekoma, or the improperly pleaded Count I *in rem* claim against Lekoma's unit, and does not implicate any important and unprotected public policy interest. *See, e.g.*, *Geniviva v. Frisk*, 725 A.2d 1209, 1213-14 (Pa. 1999) ("Only those claims that involve interests 'deeply rooted in public policy,' can be considered 'too important to be denied review.' This case involves no such claims. The common pleas court's order denying the motion to approve settlement

___

[12] Pa. R.A.P. 311(a)(8) provides that "[a]n appeal may be taken as of right and without reference to Pa. R.A.P. 341(c) from . . . [a]n order that is made final or appealable by statute . . . ," such as an order denying an application to compel arbitration pursuant to Section 7320(a)(1) of the UAA.

implicates no policy interests of sufficient import that immediate appeal was required.") (citation and footnote omitted). Because there is no express authority providing for an appeal from an interlocutory order in a case where removal from arbitration is denied, we must quash Association's appeal.[13]

Accordingly, the instant appeal will be quashed.

MICHAEL H. WOJCIK, Judge

---

[13] Based on our disposition of this issue, we will not consider the remaining appellate claims.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Haverford Hill Condominium      :
Association,      :
     :
         Appellant      :
     :
         v.      : No. 1127 C.D. 2020
     :
Michelle K. Lekoma      :

# **O R D E R**

AND NOW, this 18th day of August, 2021, the above-captioned appeal of Haverford Hill Condominium Association from the October 8, 2019 order of the Delaware County Court of Common Pleas is QUASHED.

_____
MICHAEL H. WOJCIK, Judge